UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HAL SHROATS | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 08 C 5565 |
| | ) |
| v. | ) Magistrate Judge |
| | ) Arlander Keys |
| | ) |
| CUSTOMIZED TECHNOLOGY, INC., | ) |
| ET AL. | ) |
| | ) |
| Defendants. | ) |

## AMENDED MEMORANDUM OPINION AND ORDER

Hal Shroats, who formerly served as Treasurer of the Orland School District in Orland Park, Illinois, and Arthur Keller, who had previously been the Director of Special Services, at a school in Tinley Park, Illinois, went into business together, forming Customized Relational Technology, Inc. ("CRT") for the purpose of "furnish[ing] and maintain[ing] computerized database record keeping software to school districts for Special Education and other education needs." Mr. Shroats and Mr. Keller each owned fifty percent of the corporation's shares. In September 2000, Defendant Linda J. Alderman joined CRT as a software programmer; she was responsible for creating IEP software for new clients and for providing software maintenance services to clients. Serious disputes arose between Mr. Shroats and Mr. Keller, and, on December 31, 2007, CRT was dissolved.

On September 29, 2008, Mr. Shroats sued Customized

Technology, Inc., Mr. Keller, and Ms. Alderman; he initially alleged just copyright infringement, but later added a claim for breach of fiduciary duty. In his infringement claim, Mr. Shroats alleged that, some time prior to February 1, 1998, he had authored a new and original computer program entitled "Student District Individualized Education Plan Program," which he claimed was "duly registered for copyright in the United States Copyright Office, effective June 11, 2008"; that he was the sole owner of all rights and interests in that copyright; and that the defendants had infringed that copyright by copying, creating derivative works, selling and offering for sale computer programs incorporating or containing Mr. Shroats' program or a substantially similar program. Complaint, ¶¶7-8, 10.

On November 30, 2010, the Defendants filed a motion for summary judgment on the copyright infringement claim and for dismissal of the breach of fiduciary duty claim. In that motion, they alleged that Mr. Shroats' copyright registration was invalid because he made no reference to the original work in preparing the deposit furnished to the Copyright Office and because the deposit furnished to the Copyright Office was not an identical copy of the work published on February 1, 1998, as alleged in Mr. Shroats' copyright certificate. On June 22, 2011, the Court issued a decision finding that Mr. Shroats' copyright registration was invalid and granting defendants' motion for summary judgment on his copyright infringement claim. The Court

also granted the motion to dismiss the breach of fiduciary duty claim, finding that, under the Colorado Abstention doctrine, it should decline to exercise jurisdiction in favor of a parallel state court action dealing with the dissolution of CRT.

Additionally, because of misrepresentations the Court found Mr. Shroats had made to the Copyright Office, the Court held that the defendants were entitled to an award of costs and attorney's fees related to the infringement count, and it directed them to submit a bill of costs and a petition for attorneys' fees. The defendants have now done so, and the purpose of today's decision is to determine the amount of that award.

Along with their petition for fees, the defendants submitted a declaration from Howard B. Rockman, who represented them throughout these proceedings. And attached to Mr. Rockman's declaration are copies of the billing statements and invoices prepared for and submitted to Customized Technology, Inc. The invoices come from Reed Smith, for whom Mr. Rockman worked when he first got the case; the Law Offices of Howard Rockman and Associates, the firm Mr. Rockman founded when he left Reed Smith; and Ackman, Marek, Meyer and Boyd, which apparently handled the dissolution and state court proceedings. The invoices cover fees calculated at a rate of $430/hour for Mr. Rockman while he was practicing with Reed Smith, and $375/hour after he went out on his own. The bills also include fees for work performed by two other Reed Smith attorneys at rates of $440/hour and $335/hour.

3

Mr. Marek at Ackman, Marek, Meyer and Boyd charged $250/hour. Mr. Shroats does not challenge these rates - indeed, he has filed no response at all to the fee petition - and the Court finds that they are reasonable.

Turning to the number of hours billed, as explained above, the Court ruled that the defendants were entitled to the fees and costs they incurred in connection with the copyright infringement claim, and, in his declaration, Mr. Rockman states that, in fact, the petition includes only those fees and costs relating to the defense of the copyright infringement claim. Rockman Dec., ¶5. Mr. Shroats has not challenged this point. However, the Court's review of the invoices suggests that, in a few instances, Mr. Rockman may have painted with too broad a brush. For example, fees incurred in connection with the dissolution proceedings have nothing to do with the defense of Count 1; nor do issues such as insurance coverage, administrative matters such as the filing of court documents, and issues relating specifically to the breach of fiduciary duty claim. Based upon its review of the invoices, the Court will disallow from Mr. Rockman's invoices 1.0 hours of time billed at the rate of $430/hour and 15.85 hours of time billed at the rate of $375/hour. Similarly, the Court is not persuaded that the 1.2 hours included in Mr. Marek's August 12, 2009 bill relate to the copyright infringement claim, and those fees, totaling $300, will be disallowed as well.

From the Court's review of the invoices, it appears that Mr.

Rockman spent more than 145 hours preparing the defendants' motion for summary judgment, and another almost 80 hours on the reply brief. Although that seems like an exorbitant amount of time to have spent on a single motion, given that the motion involved complex factual and legal issues, given that the motion was successful and allowed the defendants to avoid a full-blown trial on Mr. Shroats' claim, and given that Mr. Shroats has not opposed the fee petition, the Court will not discount these fees. The remainder of the fees, a total of $344,595.17, are allowed.

Along with their petition for fees, the defendants also submitted a Bill of Costs. They seek to recover $4,483.70 in court reporter expenses (this includes attendance and transcript fees for the depositions of Mr. Shroats, Mr. Keller and Ms. Alderman). They also seek to recover $9,478.25 in expenses paid to Ms. Alderman, who served as a consultant to counsel regarding the relevant computer programming issues.

According to the invoices, transcripts of Mr. Shroats' deposition sessions were billed at $3.60 per page, which falls within the maximum transcript rates approved by the Judicial Council ($3.65 per page for originals and $.90 per page for copies). The costs relating to Mr. Shroats' deposition are, therefore, allowed. But the transcripts from Mr. Keller's deposition sessions and Ms. Alderman's deposition sessions were billed at $2.20 per page, which is higher than the rate for copies set by the Judicial Council; those transcripts will be

reimbursed at the rate of $.90 per page.

Also included in the bill of costs are invoices covering the time Ms. Alderman spent helping counsel respond to discovery, prepare the summary judgment motion and otherwise defend against Mr. Shroats' claims. Ms. Alderman spent time on the case in 2009, 2010 and 2011 at rates starting at $33.90 and going up over time to $35.50. She logged almost 275 hours on the case and billed a total of $9,478.25.

Putting aside the question of whether the time spent was reasonable or whether the rates charged were as reasonable as they seem, the Court declines to include these fees in its award. The fees incurred are not attorney's fees, charged, as they were, for work performed by a non-lawyer. Nor do they fall within the categories of costs that are typically compensable under Rule 54(d) and 28 U.S.C. §1920. The Court indicated its inclination to award fees and costs as a sanction for Mr. Shroats' misrepresentations before the Copyright Office, and these fees fall outside that parameter. Accordingly, Ms. Alderman's fees are disallowed.

In total, the Court will award costs in the amount of $3,593.28 (all covering court reporter-related expenses incurred in connection with the depositions of Mr. Shroats, Mr. Keller and Ms. Alderman).

## Conclusion

For the reasons set forth above, Defendants' petition for

fees and costs is granted; the defendants are awarded fees in the amount of $344,595.17, and costs in the amount of $3,593.28.

Date: November 23, 2011

ENTERED:

MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT